IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DANIEL MURPHY,<br><br>Defendant. | CR 03-27-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant James Daniel Murphy (Murphy) has been accused of violating the conditions of his supervised release. (Doc. 711). Murphy admitted to the alleged violations. Murphy's supervised release should be revoked. Murphy should be sentenced to custody for 7 months, on both Count I and Count II, with no term of supervised release to follow and with the custodial terms to run concurrently.

## II. Status

Murphy was convicted on August 12, 2003, following a jury trial, of Count I: Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 and Count II: Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 841(b)(1)(D) and 21 U.S.C. § 846. (Doc. 243). The Court sentenced

Murphy to 210 months of custody, followed by 5 years of supervised release, with both the custodial and supervised release terms to run concurrently. (Doc. 320). Murphy's current term of supervised release began on May 24, 2022.

**Petition**

On January 22, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Murphy's supervised release. (Doc. 711). The Petition alleged Murphy violated conditions of his supervised release by: (1) failing to report for his scheduled substance abuse treatment session on November 16, 2024; (2) using methamphetamine after December 3, 2024; (3) failing to comply with substance abuse testing requirements on January 9, 2025; and (4) failing to make required restitution payments since October 30, 2024.

**Initial Appearance**

Murphy appeared before the Court on February 4, 2025. Murphy was represented by counsel. Murphy stated that he had read the Petition and that he understood the allegations against him. Murphy waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Murphy appeared before the Court on February 4, 2025. Murphy admitted that he had violated the conditions of supervised release as set forth in the Petition

by: (1) failing to report for his scheduled substance abuse treatment session on November 16, 2024; (2) using methamphetamine after December 3, 2024; and 3) failing to comply with substance abuse testing requirements on January 9, 2025. The Government moved to dismiss allegation 4, which the Court granted. Murphy's admitted violations to allegations 1, 2, and 3 are serious and warrant revocation of his supervised release.

### Sentencing hearing

Murphy appeared before the Court on February 4, 2025. Murphy's violations are Grade B. His criminal history category is V. Murphy's underlying offense in Count I is a Class A felony and in Count II is a Class D felony. Murphy could be incarcerated for up to 60 months. Murphy could be ordered to remain on supervised release for 48 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III.  Analysis

Murphy's supervised release should be revoked. Murphy should be sentenced to custody for 7 months, on both Count I and Count II, with no term of supervised release to follow and with the custodial terms to run concurrently. This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Murphy that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Murphy of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Murphy that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Murphy waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

That JAMES DANIEL MURPHY has violated the conditions of his supervised release by: (1) failing to report for his scheduled substance abuse treatment session on November 16, 2024; (2) using methamphetamine after December 3, 2024; and (3) failing to comply with substance abuse testing requirements on January 9, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Murphy's supervised release and sentence Murphy to custody for 7 months on both Count I and Count II, with no term of supervised release to follow and with the custodial terms to run concurrently.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

    DATED this 5th day of February 2025.

John Johnston
United States Magistrate Judge